**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| EBONE BARRETT<br><br>        PLAINTIFF,<br>  v.<br><br>MAPEI CORPORATION.<br><br>        DEFENDANT. | Civil Action No.<br><br><br>Jury Trial Demanded |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND</u>

Plaintiff, Ebone Barrett, by and through her undersigned counsel, files this Complaint for failure to accommodate and retaliation in violation of 42 U.S.C. § 12101 et seq. against Defendant, Mapei Corporation., and alleges as follows:

<u>PARTIES</u>

1.

Plaintiff Ebone Barrett is a citizen and resident of the United States currently residing in Floyd County, GA.

2.

Defendant Mapei Corporation is a Company is based in Illinois and

1

may be served with process by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.§ 1343(a)(4).

4.

This suit is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA").

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on April 17, 2025. Plaintiff received her Notice of Rights to Sue on May 22, 2026. Hence, Plaintiff has exhausted her administrative remedies and timely brings this action.

6.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

7.

Plaintiff began working for Defendant in July-August 2024, as a temporary employee.

8.

For approximately three months, Plaintiff performed the duties of a machine operator.

9.

Plaintiff demonstrated competency and reliability in performing the machine operator role.

10.

On or about October 22, 2024, Defendant offered Plaintiff permanent employment.

11.

As part of the hiring process, Plaintiff underwent a physical examination.

12.

The physical examination revealed that Plaintiff is colorblind.

13.

Despite being colorblind, Plaintiff had successfully performed the essential functions of her job for three months.

14.

After learning of Plaintiff's colorblindness, Defendant assured her that it would not affect her employment.

15.

Sometime in the last week of October 2024, Defendant further assured Plaintiff that accommodations would be made to support her in her role.

16.

On or about November 5, 2024, Defendant rescinded the permanent job offer.

17.

Defendant cited Plaintiff's colorblindness as the reason for rescinding the offer.

<u>COUNT I</u>
<u>DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA</u>
<u>42 U.S.C. § 12112(a)</u>

18.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

19.

Plaintiff is colorblind, a condition considered a disability under the ADA.

20.

From August 2024 through November 2024, Plaintiff successfully performed all essential duties of her machine operator position.

21.

Despite her demonstrated ability, Defendant regarded Plaintiff's colorblindness as a disqualifying impairment.

22.

After her October 2024 physical examination, Defendant treated Plaintiff as incapable of performing her job.

23.

Defendant provided assurances that accommodations could be implemented but failed to follow through.

24.

On or about November 5, 2024, Defendant rescinded Plaintiff's permanent job offer solely because of her perceived disability.

25.

Defendant's actions constitute adverse employment action based on perceived disability.

26.

Defendant's conduct violated 42 U.S.C. § 12112(a) by denying Plaintiff employment opportunities for which she was fully qualified.

5

<u>COUNT II</u>
<u>FAILURE TO ACCOMMODATE IN VIOLATION OF ADA</u>

27.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 17 of this Complaint as though fully set forth herein.

28.

Plaintiff is colorblind, a condition recognized as a disability under the ADA, 29 C.F.R. § 1630.2(h)(1).

29.

Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8).

30.

From August 2024 through November 2024, Plaintiff successfully performed the essential functions of her position as a machine operator, demonstrating competency, reliability, and the ability to complete all job duties without incident.

31.

After learning of Plaintiff's colorblindness, Defendant assured her that reasonable accommodations, including corrective measures if necessary, would be provided to enable her continued employment.

32.

Defendant failed to implement any accommodations or engage in an interactive process.

33.

On or about November 5, 2024, Defendant rescinded Plaintiff's permanent job offer solely because of her colorblindness.

34.

Defendant's refusal to provide reasonable accommodations constitutes a violation of 42 U.S.C. § 12112(b)(5)(A).

COUNT III
RETALIATION IN VIOLATION OF ADA

35.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 17 of this Complaint as though fully set forth herein.

36.

Defendant learned of Plaintiff's colorblindness during the physical examination required for the permanent position.

37.

Sometime in last week of October 2024, Defendant assured Plaintiff that the colorblindness would not affect her employment and that reasonable accommodations would be provided to support her in the machine operator role.

38.

Despite these assurances, on or about November 5, 2024, Defendant rescinded its offer of permanent employment, citing Plaintiff's colorblindness as the reason for the decision.

39.

Plaintiff's colorblindness did not interfere with her ability to perform the essential functions of her job, as demonstrated by her successful performance for three months prior to the rescission of the job offer.

40.

By rescinding the offer after Plaintiff requested reasonable accommodations for her disability, Defendant retaliated against Plaintiff for asserting her rights under the ADA, thereby violating 42 U.S.C. § 12203(a).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1. Compensatory damages for lost wages, economic benefits of employment to Plaintiff in the amount to be determined by the trier of fact;

2. Compensation for emotional distress and humiliation;

8

3.  Punitive damages to punish Defendant for its discriminatory actions;

4.  Cost of litigation in this action and her reasonable attorney's fees;

5.  Any other relief the Court deems just and proper.

Respectfully submitted this 10th day of August 2026.

**JESSE KELLY PC**
By:    /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 10th day of August 2026.

**JESSE KELLY PC**

*/s/ Jesse Kelly*

**Jesse L. Kelly**
Ga Bar No. 935869
3355 Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
jesse@jkellypc.com